BARBARA BOLDUC *vs.* JACK DAHLSTEDT. November 21, 1978. The basis of this proceeding is a complaint filed by the Middlesex Probate Probation Department[1] on behalf of Barbara Bolduc on March 2, 1977, specifically alleging civil contempt (the word "criminal" in Mass.R.Dom.Rel.P. Form 103 [1975] had been struck) in that the defendant refused on "numerous occasions" to make support payments for his wife and minor children as required by a judgment of divorce entered on May 20, 1975. Three thousand nine hundred forty five dollars was alleged to be due and unpaid. This manifestly civil proceeding was not transformed into a criminal proceeding by the fact that at some time during the hearing on the complaint—when is not indicated—the defendant (as stated in the findings incorporated in the judgment of contempt) was "advised that case was Criminal Contempt." Such a transformation resulting in a criminal sentence would be "as fundamentally erroneous as if in an action of 'A. *vs.* B. for assault and battery,' the judgment entered had been that the defend-

---

[1] No question of authority is raised.

ant be confined in prison for twelve months." *Gompers* v. *Bucks Stove & Range Co.,* 221 U.S. 418, 449 (1911). See *School Comm. of New Bedford* v. *Dlouhy,* 360 Mass. 109, 116-117 (1971). Cf. *Colon* v. *United States Attorney for the Dist. of Puerto Rico,* 576 F.2d 1, 5 (1st Cir. 1978). Accordingly we treat the judgment as for civil contempt and construe the thirty-day sentence as conditioned on the defendant's financial ability to comply with the support order, and as terminating upon his compliance. *Shillitani* v. *United Staes,* 384 U.S. 364, 369-370 (1966). *Sodones* v. *Sodones,* 366 Mass. 121, 130 (1974). *Salvesen* v. *Salvesen,* 370 Mass. 608, 611 (1976). Since there is no finding of such ability, we reverse the judgment of contempt and remand the case for further proceedings in accordance with the principles set out in *Ainslie* v. *Ainslie, ante* 692 (1978), which are here applicable.

*So ordered.*

*David S. Fox* for the defendant.
*Julian Soshnick* for the plaintiff.